UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JACK JUSTIN MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00116-SRC |
| ) | |
| JOSHUA D. UNDERWOOD et al., ) | |
| ) | |
| Defendants. ) | |

**Memorandum and Order**

Jack Justin Massey is a self-represented litigant who resides at the Metropolitan St. Louis Psychiatric Center. He sues New Madrid County Judges Joshua Underwood and Brandon Sanchez in their individual and official capacities, and claims that they violated his civil rights while presiding over his criminal case. *See* doc. 1 at 4 (The Court cites to page numbers as assigned by CM/ECF.). He also alleges various injuries that arose during his time in jail. *See id.* Massey then moved for leave to proceed *in forma pauperis*, doc. 2, and for appointment of counsel, doc. 3.

Because Massey cannot pay the filing fee, the Court grants his motion to proceed *in forma pauperis*, and waives the filing fee. But for the reasons discussed below, the Court dismisses this action on initial review under 28 U.S.C. § 1915(e)(2). Accordingly, the Court denies as moot Massey's motion to appoint counsel.

**I.   Filing fee**

Before discussing Massey's Complaint, the Court must decide whether to grant *in forma pauperis* status. *See* E.D.Mo. L.R. 2.01(B)(1). Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts

1

may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*. Having reviewed Massey's recent account statement, which shows a balance of $3.75, s*ee* doc. 7 at 3, the Court grants Massey's motion for leave to proceed *in forma pauperis*. Doc. 2.

**II.     Background**

Massey claims that "Judges Underwood & Sanchez have been involved in violating [his] Constitutional rights." Doc. 1 at 4. In support, Massey alleges he "sat in jail for 22 months with a $1,000 dollar bail & they both refused to give [him] an O.R. Bond." *Id*. He also alleges that court proceedings were remote, and that he was not "physically in the courtroom since arrested." *Id*. Massey writes: "I believe they will use every dirty trick & legal loophole to keep me locked up for 5 years & cite the word 'Terrorism' as the justification." *Id*. He alleges he "took an examination in March of 2023 & wasn't referred to a facility until Sept. of 2023." *Id*. Massey also asserts that a forensic examiner requested more time to file a report, and "the court agreed to her bogus request." *Id*. Massey claims that "this is obstruction of Justice, Witness Tampering & Fraud." *Id*. He claims the legal proceedings against him are "illegal," and that "they" have "violated Due Process & Habeas Corpus." *Id*. He seeks monetary relief of "at least 33 million dollars," and dismissal of the charges against him. *Id*. at 5. He does not seek relief characterizable as prospective injunctive relief.

Where the form complaint provides space for Massey to describe his injuries, he states that he did not receive treatment for a fungal infection, and that he suffered exposure to black mold, harassment from gang members, slander, and the loss of personal property. *Id*. at 4. It appears Massey included these statements to describe the effects of his incarceration, which he

2

blames on being denied a recognizance bond.  *See id.*  And except for his failure-to-treat claim, Massey does not identify the party or parties who caused any of the alleged harm.

Massey also attached a 9-page typewritten document to the complaint.  Doc. 1-1.  The Court treats this attachment as part of the pleadings.  *See* Fed. R. Civ. P. 10(c).  The document contains a long and disjointed narrative that reflects perceptions inconsistent with reality.  The Court therefore declines to summarize it in full but notes the following points.

Massey alleges that "unconventional warfare is being waged on American citizens by a Ritual Occult Terrorism Network that delves heavily into the black arts."  Doc. 1-1 at 1.  Massey believes that he is the victim of a large-scale conspiracy designed to stalk and harass him, frame him, and control his mind.  *See id.*  The alleged conspirators include occult groups, an "Illuminate" person with multiple personality disorder, and "characters" that are "little more than drones."  *Id.* at 2.  Massey cites works including *Alice in Wonderland* and *Catch 22*, and expresses his belief that they contain symbolism or hidden messages linked to the conspiracy.

After filing the complaint, Massey filed a screen shot of Google search results for the query "occult symbolism catch 22," and a handwritten document titled "Symbolism."  Doc. 6.  The handwritten document is composed in the same manner as the attachment to the complaint, and it reflects the same perceptions, themes, and beliefs.  The Court will therefore not summarize the document in detail, but notes that Massey still asserts that occultists stalk and victimize him, and he continues to discuss alleged symbolism and themes in cultural works.  He also claims his facility is "being used for the Trauma Based Mind Control programming."  *Id.* at 3.

### III.   Legal standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if, among other reasons, it is frivolous, fails to state a claim upon which the Court can grant relief, or seeks monetary relief from a defendant who is immune from such relief.

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those "allegations that are 'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 325–328).  Although "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

And to sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must show a plausible claim for relief, which requires him to show more than a "mere possibility of misconduct." *Id.* at 679.  A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its

4

judicial experience and common sense." *Id.* at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

Also, when reviewing a pro se complaint under section 1915(e)(2), the Court must give it the benefit of a "liberal construction," which means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Liberally construing a pro se complaint also does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### IV. Discussion

#### A. Individual-capacity claims

When judicial officers, like Judges Underwood and Sanchez, exercise the authority vested in them, judicial immunity immunizes them from suit. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges possess judicial immunity even when accused of acting maliciously or corruptly. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice") (citing *Mireles*, 502 U.S. at 11)). Judicial immunity does not

5

apply, however, to non-judicial actions, or actions taken in the complete absence of jurisdiction. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994) (citing *Mireles*, 502 U.S. at 11).

Here, Massey identifies Judges Underwood and Sanchez as Missouri judges who presided over his criminal case. He alleges that they violated his federally protected rights when they denied him a recognizance bond, held remote court proceedings, and granted a forensic examiner's request for additional time. *See* doc. 1 at 4. Massey's non-frivolous allegations establish that the alleged wrongdoing was judicial in nature. And Massey does not assert any non-frivolous allegations that Judge Underwood's or Judge Sanchez's alleged wrongdoing fell outside the scope of actions normally performed by judges, or that their actions were performed in the complete absence of jurisdiction. *See Duty*, 42 F.3d at 462 (citing *Mireles*, 502 U.S. at 11). Therefore, judicial immunity bars Massey's claims. Massey's suggestion of improper motive does not save his claims. *See Pierson*, 386 U.S. at 554; *see also Woodworth*, 891 F.3d at 1090 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

### B. Official-capacity claims

The Court interprets Massey's official-capacity claims against Judges Underwood and Sanchez as looking to impose liability upon the State of Missouri. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (stating that official-capacity suits are "functionally equivalent to a suit against the employing governmental entity"). But the Eleventh Amendment confers Missouri with immunity from suit. *Edelman v. Jordan*, 415 U.S. 651, 660–63 (1974). And while Congress may statutorily abrogate such immunity and Missouri may waive its immunity, neither exception applies here. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 67–68 (1989) (concluding that § 1983 did not abrogate a state's immunity); *see also* Mo. Rev. Stat. § 537.600 (explaining that

6

sovereign immunity is in effect). Therefore, the Eleventh Amendment bars Massey's official-capacity claims against Judges Underwood and Sanchez.

### C. Other allegations

Massey includes numerous assertions that lack grounding in reality, including allegations of being stalked and victimized by occultist conspirators who seek to frame him and control his mind. He also claims that various cultural works contain symbolism and hidden messages linked to the conspiracy. The Court finds these allegations "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33. Since any claims arising from such alleged conspiracies "lack[] an arguable basis . . . in law or in fact," *Neitzke*, 490 U.S. at 325, the Court considers them "frivolous" and dismisses them. *See* 28 U.S.C. § 1915(e)(B)(i).

### D. Eighth Amendment claims

Massey also alleges that he did not receive treatment for a fungal infection in jail, and that he suffered exposure to black mold, harassment from gang members, slander, and the loss of personal property. Doc. 1 at 4. The Court liberally construes Massey's Complaint to assert a section 1983 Eighth Amendment claim. The Eighth Amendment's prohibition against cruel and unusual punishments "imposes duties on prison officials, who must provide humane conditions of confinement." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021). This includes ensuring that "inmates receive adequate food, clothing, shelter, and medical care[.]" *Id.*

But while Massey's Complaint doesn't require "detailed factual allegations" to state a plausible Eighth Amendment claim, it must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. And for all of Massey's allegations, save the failure-to-treat claim discussed below, Massey doesn't name the person or persons that allegedly violated his constitutional rights. By not naming a single party, Massey's Complaint fails to satisfy the "essential function of a complaint," that is, to provide the

7

opposing party with "fair notice of the nature and basis or grounds for a claim." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).  The Court, therefore, dismisses without prejudice the other allegations of injuries arising during his time in jail for failure to state a claim upon which the Court can grant relief.  *See* 28 U.S.C. § 1915(e)(B)(ii).

For Massey's failure-to-treat claim, he alleges that the "Jail Doctor, Charles Pewitt, told me I will have to wait until I get out jail to take care of" his fungal infection.  Doc. 1 at 6.  The Court liberally construes Massey's Complaint to assert a section 1983 failure-to-treat claim under the Eighth Amendment.  To plead a plausible Eighth Amendment failure-to-treat claim, Massey must sufficiently plead facts that suggest that Pewitt acted with "deliberate-indifference" to his medical condition.  *Troupe v. Young*, 143 F.4th 955, 968 (8th Cir. 2025) (citing *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

To do so, Massey must sufficiently plead that (1) he had an objectively serious medical need, and (2) that Pewitt knew of, but deliberately disregarded, that serious medical need.  *See Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018).  For Massey to have an objectively serious medical need, the "medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Troupe*, 143 F.4th at 969 (citing *Jackson*, 756 F.3d at 1065).  And for Pewitt to have known but deliberately disregarded Massey's serious medical need, Pewitt's actions must amount to "more . . . than gross negligence," *id.* at 970 (citing *Jackson*, 756 F.3d at 1065).  Pewitt must have acted with a "mental state akin to criminal recklessness."  *Id.*  Medical malpractice is not enough; he must show that Pewitt's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care."  *Jackson*, 756 F.3d at 1066 (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997).  Still, under both prongs of the failure-to-treat analysis, Massey does not state a claim upon which the Court can grant relief.

8

Fungal infections may be uncomfortable, but not every ailment qualifies as an objectively serious medical need under the Eighth Amendment. Federal courts have mostly reached the same conclusion. *See Scott v. Laux*, No. 9:07-cv-00936, 2008 WL 4371778, *6 (N.D.N.Y. Sept. 18, 2008) (citing several district court cases that held that fungal infections are not an objectively serious medical condition); *see also Keen v. Wexford Med.*, No. 7:24-CV-00067, 2025 WL 928845, *4 (W.D. Va. Mar. 27, 2025); *cf. Romero v. Folino*, No. 13-cv-691, 2014 WL 710025, *8-9 (W.D. Pa. Feb. 25, 2014) (holding that a fungal infection can be a serious medical need when the nail bled, emitted a foul smell, and became extremely sensitive). While "obvious signs of medical distress," like heart attack symptoms, *see Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862–63 (8th Cir. 2006), or direct statements of an intention to commit suicide, *see Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003), qualify as a objectively serious medical need under the Eighth Amendment, fungal infections typically do not.

But even if Massey's fungal infection qualified as an objectively serious medical need, he hasn't plausibly alleged that Pewitt knew of, but deliberately disregarded, that serious medical need. Massey's sole statement that the "Jail Doctor, Charles Pewitt, told [him that] I will have to wait until I get out jail to take care of" his fungal infection, *see* doc. 1 at 6, doesn't amount to deliberate indifference. At most, Pewitt's medical decision not to immediately treat Massey's fungal infection amounts to negligence, but it certainly doesn't amount to criminal recklessness. Because Massey failed to sufficiently plead a plausible failure-to-treat claim, the Court dismisses the claim without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

E.     **Certificate of appealability**

Because the Court finds that Massey's claims against Judges Underwood and Sanchez are barred, and that the remainder of his Complaint is either frivolous or fails to state a claim upon which the Court can grant relief, the Court "is thoroughly convinced that there is no substantial question for review and that an appeal will be futile." *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952).  Therefore, the Court certifies that an appeal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3).

V.     **Conclusion**

Accordingly, the Court grants Massey's [2] motion for leave to proceed *in forma pauperis*, and waives the filing fee.  But the Court dismisses this action without prejudice per 28 U.S.C. § 1915(e)(2) and denies as moot Massey's [3] motion to appoint counsel.  Finally, the Court certifies that an appeal would not be taken in good faith.  A separate Judgment accompanies this Memorandum and Order.

So ordered this 3rd day of October 2025.

_SLR. CR_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE